1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10                                **EASTERN DIVISION**

11

12    ELIZABETH PACHECO,              )      No.   EDCV 09-1063 (CW)
                                       )
13                    Plaintiff,       )      DECISION AND ORDER
              v.                       )
14                                     )
      MICHAEL J. ASTRUE,               )
15    Commissioner, Social             )
      Security Administration,         )
16                                     )
                      Defendant.       )
17    _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20    jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21    review of the Commissioner's denial of disability benefits.  As

22    discussed below, the court finds that the Commissioner's decision

23    should be reversed and this matter remanded for further proceedings.

24                            **I.   BACKGROUND**

25        Plaintiff Elizabeth Pacheco was born on August 23, 1959, and was

26    forty-nine years old at the time of her latest administrative hearing.

27    [Administrative Record ("AR") 437, 524.]   Plaintiff has at least a

28    high school education and past relevant work experience as an

                                         1

instructional aide. [AR 437.]  Plaintiff alleges disability on the basis of a mental impairment, diabetes, problems with her spine, carpal tunnel syndrome, hearing loss and arthritis. [AR 21.]

## II.  **PROCEDURAL HISTORY**

Plaintiff applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on March 31, 2004, alleging disability since January 23, 2004. [AR 429.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on March 3, 2006, before an Administrative Law Judge ("ALJ"). [AR 301.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff, a vocational expert, a medical expert, and Plaintiff's son. [AR 302.]  The ALJ denied benefits in a decision filed on May 2, 2006.  [AR 10.]  When the Appeals Council denied review on August 30, 2006, the ALJ's decision became the Commissioner's final decision.  [AR 347.]

On September 28, 2006, Plaintiff filed an action in the district court (Case No. EDCV 06-1032 CW).  On April 5, 2007, the court entered an order and judgment remanding the matter for further administrative proceedings pursuant to a stipulation by the parties.

A second administrative hearing was held on September 7, 2007. [AR 415.]  Plaintiff appeared with counsel and testified. [AR 416.]  The ALJ denied benefits in a decision filed on September 26, 2007. [AR 324.]

On December 14, 2007, Plaintiff filed an action in the district court (Case No. EDCV 07-1594 CW).  On July 31, 2008, the court entered an order and judgment remanding the matter for further administrative proceedings pursuant to a stipulation by the parties.

A third administrative hearing was held on November 7, 2008. [AR

1  524.] Plaintiff appeared with counsel, and testimony was taken from
2  Plaintiff, a vocational expert, and Plaintiff's husband. [AR 525.]
3  The ALJ denied benefits in a decision filed on February 3, 2009. [AR
4  429.]

5      The present complaint was lodged on June 2, 2009, and filed on
6  June 18, 2009.  On November 17, 2009, Defendant filed an answer and
7  Plaintiff's Administrative Record ("AR").  On January 15, 2010, the
8  parties filed their Joint Stipulation ("JS") identifying matters not
9  in dispute, issues in dispute, the positions of the parties, and the
10 relief sought by each party.  This matter has been taken under
11 submission without oral argument.

12                    **III.  STANDARD OF REVIEW**

13     Under 42 U.S.C. § 405(g), a district court may review the
14 Commissioner's decision to deny benefits.  The Commissioner's (or
15 ALJ's) findings and decision should be upheld if they are free of
16 legal error and supported by substantial evidence.  However, if the
17 court determines that a finding is based on legal error or is not
18 supported by substantial evidence in the record, the court may reject
19 the finding and set aside the decision to deny benefits.  See Aukland
20 v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
21 Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
22 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
23 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
24 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
25 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

26     "Substantial evidence is more than a scintilla, but less than a
27 preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
28 which a reasonable person might accept as adequate to support a

                                   3

conclusion." <u>Id</u>. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## IV. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107

4

S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20
C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or
"not disabled" at any step, there is no need to complete further
steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four,
subject to the presumption that Social Security hearings are non-
adversarial, and to the Commissioner's affirmative duty to assist
claimants in fully developing the record even if they are represented
by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at
1288.  If this burden is met, a prima facie case of disability is
made, and the burden shifts to the Commissioner (at step five) to
prove that, considering residual functional capacity ("RFC")[1], age,
education, and work experience, a claimant can perform other work
which is available in significant numbers.  Tackett, 180 F.3d at 1098,
1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial
gainful activity since her disability application date (step one);
that plaintiff had "severe" impairments, namely diabetes mellitus,
carpal tunnel syndrome, obesity, and an affective disorder not
otherwise specified (step two); and that Plaintiff did not have an
impairment or combination of impairments that met or equaled a

---

[1]  Residual functional capacity measures what a claimant can
still do despite existing "exertional" (strength-related) and
"nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
work without directly limiting strength, and include mental, sensory,
postural, manipulative, and environmental limitations.  Penny v.
Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,
765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

"listing" (step three). [AR 432.]  Plaintiff was found to have an RFC to perform less than a full range of light work, including the following:  lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for two hours in an eight-hour work day; sit for six hours in an eight-hour workday with appropriate breaks; no climbing ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead; frequently perform handling and fingering; no constant exposure to hazardous conditions; and a limitation to non-public, simple, repetitive tasks.  [AR 433.]  The ALJ determined that Plaintiff's RFC precluded her from performing her past relevant work (step four). [AR 437.]  The ALJ adopted the testimony of the vocational expert, who testified that a person with Plaintiff's RFC could perform work existing in significant numbers, such as inspector, sorter, and assembler (step five). [AR 438.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C.   ISSUES IN DISPUTE

The parties' Joint Stipulation sets out the following disputed issues:

1.   Whether the ALJ properly considered lay witness testimony;
2.   Whether the ALJ properly considered the findings of the state agency review physician;
3.   Whether the ALJ properly considered the opinion of Plaintiff's treating physician;
4.   Whether the ALJ properly considered medication side effects;
5.   Whether the ALJ presented a complete hypothetical question to the vocational expert; and

6.    Whether the ALJ properly determined that Plaintiff was capable of performing a significant number of other jobs in the national economy.

[JS 4-5.]

As discussed below, Issue Six is dispositive.

**D.    ISSUE SIX: STEP FIVE FINDING**

**<u>Background</u>**

On May 12, 2004, Plaintiff underwent a Complete Orthopedic Evaluation conducted by Dr. Ibrahim Khan. [AR 151-55.]  Dr. Khan diagnosed Plaintiff with bilateral carpal tunnel syndrome and chronic syndrome of the sacroiliac spine.  Based on his examination, Dr. Khan concluded, inter alia, that Plaintiff should have "manipulative limitations of reaching overhead and gross and fine manipulation of both hands." [AR 155.]  The ALJ's determination of Plaintiff's RFC included a limitation to "occasionally reach overhead." [AR 433.]

At the administrative hearing of November 7, 2008, the ALJ asked the vocational expert whether a person with Plaintiff's limitations, including a limitation to "occasionally reach overhead," could perform jobs in the national economy. [AR 563.]  The vocational expert responded that the person could perform the jobs of inspector (Dictionary of Occupational Titles ("DOT") code 669.687-014), sorter (DOT code 521.687-086), and assembler (DOT code 706.684-030). [AR 563.]  The ALJ asked the vocational expert whether the testimony was consistent with the DOT, and the vocational expert responded "yes." [AR 564.]  The ALJ adopted the vocational expert's testimony to find that Plaintiff is not disabled.

**<u>Plaintiff's Claim</u>**

Plaintiff asserts that the ALJ's finding that she could perform

7

1   the jobs of inspector, sorter and assembler was not supported by

2   substantial evidence. [JS 28-29.]  Plaintiff argues that according to

3   the DOT, these jobs require "frequent reaching," which conflicts with

4   her RFC limitation to "occasional overhead reaching." [JS 28.]

5   According to the DOT, an activity is "frequent" if it exists from one-

6   third to two-thirds of the time; an activity is "occasional" if it

7   exists up to one-third of the time.

8       Plaintiff further asserts that this potential conflict remained

9   unexplained because "[n]either the ALJ nor the VE articulated reasons

10  for deviating from the DOT." [JS 29.]  Accordingly, Plaintiff argues

11  that the ALJ's decision at step five was based on reversible error.

12      **Discussion**

13      At step five of the sequential evaluation, the burden of proof

14  shifts to the Commissioner to identify specific jobs existing in

15  substantial numbers in the national economy that claimant can perform

16  despite his identified limitations.  <u>Johnson v. Shalala</u>, 60 F.3d 1428,

17  1432 (9th Cir. 1995).  One method of demonstrating the existence of

18  these jobs is through the testimony of a vocational expert, who can

19  assess the effect of any limitation on the range of work at issue,

20  identify jobs which are within the RFC, if they exist, and provide a

21  statement of the incidence of such jobs in the region where the

22  claimant lives or in several regions of the country.  Social Security

23  Ruling ("SSR") 83-12, 1983 WL 31253 at *3.

24      Pursuant to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704

25  at *4, when a vocational expert provides evidence about the

26  requirements of a job or occupation, the ALJ has "an affirmative

27  responsibility to ask about any possible conflict" between that

28  testimony and the Dictionary of Occupational Titles and to obtain a

8

reasonable explanation for any conflict.  In light of the requirements
of SSR 00-4p, the Ninth Circuit has held that an ALJ may not rely on a
vocational expert's testimony without first inquiring whether the
testimony conflicts with the Dictionary of Occupational Titles.
Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).

Neither the DOT nor the testimony of the vocational expert
"automatically 'trumps' when there is a conflict."  Id. at 1153
(quoting SSR 00-4p, at *4).  Accordingly, the ALJ must first determine
whether a conflict exists.  Id.  If it does, the ALJ "must then
determine whether the vocational expert's explanation for the conflict
is reasonable and whether a basis exists for relying on the expert
rather than the Dictionary of Occupational Titles."  Id.

In this case, the record indicates that the vocational expert's
testimony that Plaintiff could perform the jobs of inspector,
assembler, and sorter, which require frequent reaching, raised a
potential conflict with Plaintiff's limitation to occasional overhead
reaching.[2]  Although the ALJ asked the vocational expert whether this
testimony was consistent with the DOT, and the vocational expert
responded affirmatively, there was no acknowledgment by the vocational
expert of a potential conflict, much less an explanation for it.  See
Id. at 1153 (noting that SSR 00-4p requires that "the record is clear
as to why an ALJ relied on a vocational expert's testimony,
particularly in cases where the expert's testimony conflicts with the

---

[2]  For purposes of the DOT, "reaching" is defined as "[e]xtending
hand(s) and arm(s) in any direction."  See Selected Characteristics of
Occupations Defined in the Revised Dictionary of Occupational Titles
("SCO"), Appendix C. (emphasis added); see also Silvera v. Astrue, No.
CV 09-1935 JC, 2010 WL 3001619, at *3 (C.D. Cal. July 29,
2010)(finding that jobs requiring "frequent reaching" potentially
conflicted with plaintiff's restriction to "occasional overhead
reaching").

[DOT]").  In the absence of any clear evidence in the record to
support the deviation, the court "cannot determine whether the ALJ
properly relied on [the vocational expert's] testimony."  Id. at 1154.
Accordingly, remand is required so that the Commissioner can perform
the appropriate inquiries under SSR 00-4p.  Id.

### E.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within
the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
further proceedings, or where the record has been fully developed, it
is appropriate to exercise this discretion to direct an immediate
award of benefits.  Harman, 211 F.3d at 1179 (decision whether to
remand for further proceedings turns upon their likely utility).
However, where there are outstanding issues that must be resolved
before a determination can be made, and it is not clear from the
record that the ALJ would be required to find the claimant disabled if
all the evidence were properly evaluated, remand is appropriate.  Id.
Here, as set out above in Issue Six, outstanding issues remain before
a finding of disability can be made.[3]  Accordingly, remand is
appropriate.

//
//
//
//
//

_____

[3]  The remaining issues raised by Plaintiff in the Joint
Stipulation are without merit or do not warrant a finding of
disability on the basis of the existing record.

1

## V.   ORDERS

2   Accordingly, **IT IS ORDERED** that:

3       1.   The decision of the Commissioner is **REVERSED**.

4       2.   This action is **REMANDED** to defendant, pursuant to Sentence
5   Four of 42 U.S.C. § 405(g), for further proceedings as discussed
6   above.

7       3.   The Clerk of the Court shall serve this Decision and Order
8   and the Judgment herein on all parties or counsel.

9

10   DATED: August 31, 2010

11   _____
                 CARLA M. WOEHRLE
12                United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11